IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION



|  |  |  |
|---|---|---|
| STEVEN TOLBERT, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 05-1019-T/An |
| QUENTON WHITE, et al., | ) | |
| Defendants. | ) | |

ORDER ASSESSING FILING FEE
ORDER GRANTING MOTION TO AMEND COMPLAINT
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff Steven Tolbert, prison registration number 226863, an inmate at the West Tennessee State Prison ("WTSP"), who was formerly incarcerated at the Northwest Tennessee Correctional Complex ("NWCX"), filed this complaint under 42 U.S.C. § 1983. The Clerk of Court shall record the defendants as Quenton White, Tony Parker, Tommy Mills, Brent Long, Officer Saxton, Officer Mooring, Officer Hall, Officer Baker, and Lieutenant Bargery.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ___12-30-05___

opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 Federal Building, 111 S. Highland, Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.   Analysis of Plaintiff's Claims

On January 25, 2005, Plaintiff Tolbert filed this complaint suing former Tennessee Department of Correction Commissioner ("TDOC") Quenton White, NWCX Warden Tony Parker, Deputy Warden Tommy Mills, United Manager Brent Long, Correctional Officers Saxton, Mooring, Hall, and Baker, and Internal Affairs Chief Lieutenant Bargery. On April 25, 2005, he filed a motion to amend the complaint. The motion to amend is GRANTED.

Tolbert alleges that On April 19, 2004, defendants Saxton and Mooring allowed him to be surrounded and threatened by white inmates and refused his request for a transfer. Plaintiff alleges that defendant Mooring did not secure his cell door on April 24, 2004, and two white inmates entered his cell, threw bleach in his face, and assaulted him. Tolbert alleges that defendants Hall and Baker sprayed him with mace and handcuffed him rather than his attackers. He alleges that he was taken to another housing unit, placed on maximum security, and denied medical treatment for twelve hours. He alleges that defendants Bargery, Saxton, and Mooring conspired to cover up the deficiencies in the officers performance. Tolbert alleges that defendants Parker, Miller, and Long were told of this abuse but did nothing to remedy the situation.

Tolbert alleges that he was denied due process by "not being able to properly appeal his disciplinary conviction to the Chancery Court for Lake County. He alleges that his petition was filed "more than sixty days from the challenged action" and was summarily dismissed "due to the willful and malicious intent of staff" who "refus[ed] to process his disciplinary appeal." He further alleges that he has been denied adequate legal assistance and access to the

4

courts because he was required to consult with a legal helper by shouting through the pie flap door. Tolbert states that he was "prevented from adequately grasping and comprehending the legal advise and assistance he was given" and "couldn't follow along with the explanations and discussions of various forms and complex concepts involved with litigation."

Tolbert states that he "filed numerous grievances and letters of complaint to appropriate staff members and administrative officials, notifying them of the violations of [his] rights. However, none of [his] letters were ever answered nor were his grievances even filed or responded to properly." He also states that he "has still not received any of [his] paper work back from the Prison administration" on his disciplinary appeal.

Tolbert attached two grievances, one dated April 28, 2004, and one dated May 27, 2004. The grievances do not indicate that they were received by a grievance clerk and were not assigned numbers. The April grievance complains that Tolbert was denied proper medical treatment for injuries received on April 24, 2004, in an "unnecessary attack by the NWCX staff with chemical weapons." The May grievance addresses the need to shout through the pie flap door to converse with the legal aide. Tolbert contends that "Corporal Burgking" said he could no longer consult with the pie flap open. Tolbert also enclosed a copy of a letter addressed to Warden Parker which is dated April 20, 2004, wherein he relates that the "white supremacist gang became hostile, irritated, and belligerandt [sic]" due to his cellmate's loud radio.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating

5

that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); Lavista v. Beeler, 195 F.3d 254 (6th Cir. 1999) (exhaustion requirement applies to claim alleging denial of medical care). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

In order to comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002)(prisoner who fails to adequately allege exhaustion may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001)(no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

This complaint contains multiple issues regarding plaintiff's right to personal safety, due process, court access, and medical care. Plaintiff was required to file a grievance for each incident which detailed the incident and named the party involved. The plaintiff has submitted no evidence that the enclosed grievances were actually filed. Furthermore, the enclosed

grievances do not name these individual defendants, as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); and Curry, 249 F.3d at 504. Accordingly, the plaintiff has not satisfied his burden of demonstrating that he exhausted his administrative remedies with respect to his claims.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489. As plaintiff has not exhausted his administrative remedies, the Court dismisses this complaint under 42 U.S.C. § 1997e(a).

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962).

Under Brown v. Toombs an appellate court must dismiss a complaint if a prisoner has failed to comply with 1997e's exhaustion requirements. Accordingly, if a district court determines that a complaint must be dismissed as unexhausted, plaintiff would not yet be able to present an issue in good faith on appeal because that appeal would also be subject to

7

immediate dismissal. Thus, the same considerations that lead the Court to dismiss this case for failure to exhaust administrative remedies compel the conclusion that an appeal would be subject to immediate dismissal.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 28th day of December, 2005.

/s/ James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 1:05-CV-01019 was distributed by fax, mail, or direct printing on December 30, 2005 to the parties listed.

---

Steven Tolbert
WTSP Site 2
#226863
P.O. Box 1150
Henning, TN 38041

Honorable James Todd
US DISTRICT COURT